# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 17-1279V
(not to be published)

| | |
|---|---|
| RONALD BECKMAN,<br><br>                   Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: January 10, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Kate Gerayne Westad, SibenCarey, Minneapolis, MN, for Petitioner.*

*Glenn Alexander MacLeod, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 18, 2017, Ronald Beckman ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of his September 19, 2014 influenza ("flu") vaccination. (Petition at 1). On June 6, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 40.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 11, 2019, (ECF No. 45), requesting a total award of $28,081.69 (representing $3,696.25 in fees and costs incurred by counsel's current firm Sieben Carey P.A., $23,422.94 in fees and costs incurred by counsel's former firm Larkin Hoffman Law Firm and $962.50 from incurred by counsels former firm Lommen Abdo, P.A.). In accordance with General Order #9 Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. (ECF No. 46).  Respondent reacted to the motion on December 17, 2019 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 47). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request.  In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).

**Accordingly, petitioner is awarded the total amount of $28, 081.69[3] as follows:**

- **A lump sum of $3,696.25, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Sieben Carey P.A., and**

- **A lump sum of $23,422.94, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and the Larkin Hoffman Law Firm; and**

- **A lump sum of $962.50, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and the firm of Lommen Abdo, P.A.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

**IT IS SO ORDERED.**

**<u>s/Brian H. Corcoran</u>**
Brian H. Corcoran
Chief Special Master
